```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX
```

```
KEZIAH PRINCE                   :         CIVIL ACTION
                                :
        v.                      :
                                :
STERLING BRIDGE, LLC            :         NO. 11-85
```

<u>MEMORANDUM</u>

Bartle, J.                                                                     July 1, 2015

         Plaintiff Keziah Prince ("Prince") has sued defendant Sterling Bridge, LLC ("Sterling Bridge") for negligence in removing mold at Prince's place of employment. Prince claims to have suffered respiratory injury and other damages because Sterling Bridge allowed her to be exposed to harmful chemicals in the area where the eradication was taking place. Prince initiated the action in the Superior Court of the Virgin Islands, and Sterling Bridge removed it to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

         Sterling Bridge then filed a motion to dismiss the action on the ground that the dispute is subject to an arbitration agreement. The court permitted limited discovery related to this issue. Prince has also moved to remand the matter to the Superior Court of the Virgin Islands for lack of diversity of citizenship.

         We begin with the motion to remand. A party can make a facial or factual attack on the court's subject-matter jurisdiction. A factual challenge contests our subject-matter jurisdiction on the

basis of matters existing outside the pleadings.  <u>Gould Elecs. Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000).  In reviewing a factual challenge as we do here, the court may consider the unchallenged jurisdictional allegations in the pleadings as well as evidence outside the complaint.  <u>Id.</u> at 176, 177.  The court must "then determine jurisdiction by weighing the evidence presented by the parties."  <u>Id.</u> at 177.

Prince, who lives on St. Croix, is a citizen of the United States Virgin Islands.  Sterling Bridge is an Illinois limited liability company.  It is 100%-owned by Pureline Treatment Systems, LLC ("Pureline"), which is a Delaware limited liability company.[1]  Pureline is 83%-owned by BTCM, Inc., a Delaware Corporation ("BTCM").  BTCM is owned entirely by entities under the control of Bradford T. Whitmore ("Whitmore").  BTCM's principal place of business is unknown, as is the ownership of the 17% stake in Pureline not controlled by BTCM.[2]  In failing to come forward with this information, Sterling Bridge, which has removed the action, has not established that its citizenship is entirely diverse from that of Prince.

---

[1] The ownership structures of the business entities involved in this case derive from an ownership chart provide by Sterling Bridge in the course of discovery.  Although Prince has argued that this chart is hearsay, she also urges that her use of the chart is admissible as an opposing party's statement.  We agree. <u>See</u> Fed. R. Evid. 801(d)(2).

[2] We note that during the course of supplemental discovery, Sterling Bridge refused to disclose the names and citizenship of the members of certain of the business entities involved in the matter on the ground that the information is confidential.

Prince argues that remand is therefore appropriate. Sterling Bridge does not dispute that its citizenship and the citizenship of its constituent business entities have not been disclosed. Instead it urges that Prince is estopped from challenging its citizenship because she did not raise the issue of subject-matter jurisdiction in her original response to its motion to dismiss. According to Sterling Bridge, it should at least be permitted additional time to supplement its disclosures because its citizenship was not "on the radar" until Prince filed the instant motion to remand.

For purposes of citizenship for diversity jurisdiction, a limited liability company such as Sterling Bridge is treated in the same way as a partnership. <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412, 420 (3d Cir. 2010). That is, the citizenship of an LLC, like that of partnerships and other unincorporated business associations, "is determined by the citizenship of each its members." <u>Id.</u> at 418. When an LLC is owned by another unincorporated business association, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." <u>Id.</u> at 420 (quotation mark omitted) (quoting <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 543 (7th Cir. 2003)). It is the removing party's burden to establish the subject-matter jurisdiction of the court at all

-3-

stages of the litigation.  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

We agree with Prince.  Sterling Bridge has not traced through the citizenship of the layers of members and partners that make up its ownership structure as it is required to do as the removing party.  Zambelli, 592 F.3d at 420; Frederico, 507 F.3d at 193.[3]  Sterling Bridge has therefore failed to meet its burden of establishing subject-matter jurisdiction.

Moreover, Sterling Bridge's position that Prince is estopped from challenging our subject-matter jurisdiction because she did not raise it in her original filing is unavailing.  The court has a continuing duty to ensure that it has the power to hear a case, and a motion to remand for lack of subject-matter jurisdiction is permissible at any time before the entry of final judgment.  28 U.S.C. § 1447(c).  The issue of subject-matter jurisdiction cannot be waived, and a party such as Prince cannot be estopped from contesting it.  See Fed. R. Civ. P. 12(h)(3).

Finally Sterling Bridge, in its brief in opposition to Prince's motion to remand, for the first time seeks an additional month to garner evidence of its own citizenship.  According to it, this issue was not "on the radar" until now.

---

[3]  We note that in its notice of removal Sterling Bridge relied on 28 U.S.C. § 1332(c)(1) which deals with the citizenship of corporations for diversity purposes.

Its request is totally without merit. First, the court granted it an extension of two weeks to respond to the motion to remand. See Order dated June 16, 2015 (Doc. # 33). More significantly, Sterling Bridge could not have filed its notice of removal in good faith without an understanding of the citizenship of its owners. To ask now for more time to establish facts which it needed to know in order to remove this action and which are completely within its control is without justification.

  Accordingly, the motion of Prince to remand for lack of subject-matter jurisdiction will be granted since Sterling Bridge has not met its burden of establishing that diversity of citizenship exists. In light of this conclusion, we need not consider the motion of Sterling Bridge to dismiss.